IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TASHA GROVER, HENRY LEE RUSSELL,
LYVONNE WILKINS, ALLISON RENE
FERGUSON, SANDRA BRYANT, ROGER
DOBBINS, ROSA L. THOMAS, SHARON
GOODMAN, and WAYNE BERTRAND,                                        PLAINTIFFS

VS.                                                CIVIL ACTION NO. 5:05cv12-KS-JMR

ADAMS COUNTY BOARD OF SUPERVISORS,                                   DEFENDANT

MEMORANDUM OPINION AND ORDER

The court has before it in this Fair Labor Standards Act case the motion of Defendant Adams County Board of Supervisors for summary judgment. From its review of the submissions of the parties and the pleadings and exhibits on file, as well as applicable law, the court finds that the defendant's motion should be denied. The court finds more specifically as follows:

The plaintiffs in this action are current and former employees of the Adams County Juvenile Detention Center. Based on their contention that they were not paid for time worked in excess of forty hours in a work week, the plaintiffs instituted this action against the Adams County Board of Supervisors alleging willful violations of the Fair Labor Standards Act's overtime pay provisions[1] and seeking liquidated damages as well as back wages for the unpaid overtime. Adams County timely answered the complaint and has now filed its motion for summary judgment claiming that there are no issues of material fact as to its compliance with the applicable provisions of the Fair Labor Standards Act and that it is therefore entitled to judgment as a matter of law. The plaintiffs have not responded to the motion.

Summary judgment is appropriate only if "the pleadings, depositions, answers to

---

[1] Defendant Adams County Sheriff's Department was dismissed with prejudice on March 11, 2005.

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those that "might affect the outcome of the lawsuit under the governing substantive law," and only disputes over such outcome-determinative facts will preclude summary judgment.  *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).  In making its determination of whether a triable issue of fact exists, the court must view the evidence submitted by the parties in a light most favorable to the non-movant,[2] disregard all evidence favorable to the moving party that the jury is not required to believe,[3] and resolve "all factual uncertainties" in favor of the non-movant.[4]  Once a properly supported motion for summary judgment is presented, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  The non-movant may not rely on mere denial of material facts, or unsworn allegations in the pleadings, or arguments and assertions in briefs or legal memoranda but must, by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial.  FED. R. CIV. P. 56(e); *see also Union Planters Nat. Leasing v. Woods*, 687 F.2d 117, 119 (5th Cir. 1982). If he does submit competent evidence, that evidence "is to be believed[, and] it is for the jury at trial, not for the judge on a pretrial motion, to decide whose evidence is more credible." *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).   If he does not, there is no issue of fact warranting a trial on the merits, and the movant is entitled to judgment as a matter of law.

---

[2] *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

[3] *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 896 (5th Cir. 2002).

[4] *Honore v. Douglas,* 833 F.2d 565, 567-68 (5th Cir. 1987)(also reminding district judges not to invade the province of the jury).

In their complaint, the plaintiffs allege that the Adams County Board of Supervisors violated the FLSA by not paying them for time worked in excess of forty hours in a work week. Claiming that the violations were willful, the plaintiffs seek relief for violations which occurred during the three years prior to January 18, 2005, the date they filed their complaint.[5] In FLSA cases, recovery is limited to violations that take place within the applicable limitations period. *See Halferty v. Pulse Drug Company,* 821 F.2d 261, 271 (5th Cir. 1987) ("A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed.").

Adams County bases its claim of entitlement to summary judgment on its compliance with 29 U.S.C. § 207(k). This section creates an exception to the FLSA's standard wage and hour provisions [6] and provides alternative compensation rules for employees in law enforcement activities, including security personnel in correctional institutions. *See Lee v. Coahoma County, Mississippi*, 937 F.2d 220, 224 (5th Cir 1991). Under this exception, if the public agency–such as Adams County–establishes a 28-day work period, it is not required to pay overtime until the employee works more than 171 hours. 29 U.S.C. § 207(k)(1)(B); 29 C.F.R. § 553.230(b); *Lee v. Coahoma County*, 937 F.2d at 224 & n.1.

To sustain its burden of proving that it qualifies for the 207(k) exemption,[7] Adams County

---

[5] Although the statute of limitations for actions brought under the FLSA is generally two years, the period is extended to three years if the claimed violation is "willful." *See* 29 U.S.C. § 255(a); *Singer v. City of Waco, Texas,* 324 F.3d 813, 821 (5th Cir. 2003).

[6] "Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

[7] *Singer v. City of Waco, Texas,* 324 F.3d 813, 820 (5th Cir. 2003) (stating that "the employer bears the burden of proving that it qualifies for an exemption under the FLSA").

offers the affidavit of Glenn Arnold, the administrator of the Adams County Juvenile Detention Center where the plaintiffs were employed. Although the plaintiffs have offered no response to Mr. Arnold's statements that they are security personnel for purposes of section 207(k) and that the detention center operates on a 28-day work period, this case is nonetheless inappropriate for summary disposition. Even if there are no issues of material fact as to the plaintiffs' status and work period, nowhere in Adams County's submissions is it stated WHEN the 28-day work period was adopted. This fact is material to the issue of whether the plaintiffs suffered violations of FLSA's wage and hour standards during the applicable limitations period. Accordingly, summary judgment on the plaintiffs' FLSA claims must be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Adams County's **Motion for Summary Judgment** [#45] is hereby **DENIED**.

SO ORDERED AND ADJUDGED on this, the 4th day of May, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE